**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

OBALDO ESPINOZA, JR.,

Petitioner - Appellant,

v.

CASEY HAMILTON, Warden,

Respondent - Appellee.

No. 24-6008
(D.C. No. 5:23-CV-00146-D)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner Obaldo Espinoza, Jr. seeks a certificate of appealability (COA) to

challenge the district court's denial of his 28 U.S.C. § 2254 application for habeas relief

on two grounds. Because no reasonable jurist could disagree with the district court's

resolution of Espinoza's first habeas claim, and because he does not allege a

constitutional violation in his second claim, we deny his request for a COA and dismiss

this matter.

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Police in Enid, Oklahoma encountered Espinoza following concerns that a minor in his company, M.S., was endangered.  Enid police officers requested and were granted a search warrant for the hotel room that Espinoza and M.S. shared.  Upon execution of the search warrant, law enforcement discovered drugs and a firearm, and subsequently arrested Espinoza.  Officer Damian Neiswanger read Espinoza his *Miranda* rights, at which point Espinoza informed him he did not want to speak to the police.[1]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  Officer Neiswanger walked away and did not attempt to reestablish contact.

Espinoza was booked into jail and then brought into a conference room with Officer Walter Tuttle, who read Espinoza his *Miranda* rights.  At least two hours had elapsed since Officer Neiswanger spoke to Espinoza.  Officer Tuttle spoke to Espinoza about a different case, for which Espinoza had an outstanding warrant, before shifting the conversation to the items found in the Enid motel room.  Espinoza told Officer Tuttle that he did not wish to speak anymore, and Officer Tuttle ended the conversation.

Two days later, Sergeant Hodges, Detective Shawn Ramsey, and Detective Wilson spoke with Espinoza in an unrecorded meeting.  Espinoza immediately started making statements when law enforcement entered the room, and the officers

---

[1] Espinoza previously disputed factual elements regarding his custodial interrogations.  On appeal he does not dispute the district court's or state courts' factual findings.

2

had to repeatedly ask Espinoza to stop speaking so they could read him his *Miranda* rights.[2]  Espinoza agreed to speak to law enforcement without an attorney present, and proceeded to make incriminating statements.  Espinoza was charged with aggravated trafficking in illegal drugs (Count One), possession of proceeds from drug activity (Count Two), possession of a firearm after former felony conviction (Count Three), and unlawful possession of drug paraphernalia (Count Four).  A Garfield County jury convicted Espinoza on Counts One, Two, and Four.  Espinoza was sentenced to thirty-five years' imprisonment on Count One; ten years' imprisonment on Count Two, to run consecutive to Count One; and one year on Count Four, to run concurrently with Count One.

In February 2021, Espinoza appealed to the Oklahoma Court of Criminal Appeals (OCCA).  The OCCA affirmed his convictions and sentences.  Espinoza then turned to postconviction relief.  The state district court denied eighteen of Espinoza's alleged grounds for relief, but granted Espinoza leave to amend and supplement two propositions regarding (1) whether his confession had been taken in violation of the Fifth Amendment, and (2) whether his appellate counsel had been constitutionally deficient.  It later denied his application for postconviction relief as to the two amended claims.  Espinoza appealed the decision to the OCCA.  The OCCA affirmed

---

[2] Sergeant Hodges testified about the interrogation in a hearing in state district court to determine whether Espinoza voluntarily confessed.  The state district court found that Espinoza's statements were voluntary and admissible.

the state district court. Espinoza timely filed a habeas action in federal court under 28 U.S.C. § 2254 in February 2023.

Espinoza asserted two grounds for relief in federal district court that are at issue on appeal. First, he argued, as he had on direct appeal, that his confession was not voluntary because the officers did not "scrupulously honor his invocation of his right to remain silent and wore down his resistance with repeated interview attempts." Aplt. App'x at 32. Second, Espinoza argued that the OCCA did not make a merit-based determination of his ineffective assistance of appellate counsel claim in postconviction proceedings. However, in his petition Espinoza did not make an argument related to the merits of the underlying Sixth Amendment claim. The district court referred Espinoza's petition to a magistrate judge, who recommended the district court deny the petition because Espinoza's grounds for relief lacked merit. The district court adopted the magistrate judge's Report and Recommendation, and further ordered that a COA be denied. Espinoza now petitions for a COA on the same two grounds.

## II.

Espinoza must obtain a COA to appeal the district court's denial of his § 2254 application. 28 U.S.C. § 2253(c)(1). A COA may issue only if a petitioner has "made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Therefore, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4

Here, the district court dismissed Espinoza's application based on the merits of his arguments, not on procedural grounds. For each claim, Espinoza must therefore prove something more than mere "good faith" or "the absence of frivolity" to obtain a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

## III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Espinoza petitions for a COA based on two grounds. He claims that (1) his Fifth Amendment right to remain silent was violated; and (2) the OCCA refused to address the merits of his Sixth Amendment ineffective assistance of appellate counsel claim.

## A.

Espinoza argues that his Fifth Amendment right to remain silent was violated when officers "wore down" his resistance by "placing him in jail" and speaking to him after he invoked his right to remain silent. Aplt. Br. at 15. Once a law enforcement officer has read a defendant his *Miranda* rights, if the defendant

> indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any

5

> statement taken after the person invokes his privilege cannot be other than the product of compulsion.

*Miranda*, 384 U.S. at 474. But resumption of interrogation is permissible in situations where a person in custody's "right to cut off questioning" was "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 104 (1975). In *Mosley*, the Supreme Court addressed resumption of interrogation where the defendant had initially been advised of his right to remain silent, which he invoked, at which point the questioning officer immediately ceased interrogation. *Id.* at 105. After more than two hours passed, the defendant was questioned by a different officer at another location about an unrelated crime. *Id.* The officer gave the defendant a second, full set of *Miranda* warnings at the outset of the second interrogation. *Id.* The Supreme Court held that in these circumstances the police had honored the defendant's right to cut off questioning, and the second interrogation did not constitute unconstitutional "repeated efforts to wear down his resistance and change his mind." *Id.* at 105–106. This Circuit has interpreted *Mosley* to require four conditions: "(1) at the time the defendant invoked his right to remain silent, the questioning ceased; (2) a substantial interval passed before the second interrogation; (3) the defendant was given a fresh set of *Miranda* warnings; and (4) the subject of the second interrogation [is] unrelated to the first." *United States v. Alexander*, 447 F.3d 1290, 1294 (10th Cir. 2006) (citing *Mosley*, 423 U.S. at 104–05).

Espinoza challenges the district court's conclusion that the OCCA reasonably determined that the law enforcement officers involved in Espinoza's questioning

scrupulously honored his right to remain silent.  On direct appeal the OCCA found that considering the "totality of the circumstances . . . the *Mosley* factors weigh in favor of finding [Petitioner's] confession voluntary." Aplt. App'x at 36.   Espinoza argues that both the OCCA's and district court's determinations are objectively unreasonable in light of *Mosley* because "looking at *Mosley* the facts of Petitioner's case differ as to the interrogation." Aplt. Br. at 12.  But reinitiation of contact need not follow the precise facts of *Mosley* in order to be acceptable; it must comport with the four-part *Alexander* test.[3]

Espinoza only argues, briefly, that "the fact that law enforcement did not record the interviews greatly destroyed his opportunity to challenge the last encounter and put Appellant's credibility at issue." Aplt. Br. at 12.  But on appeal Espinoza does not challenge the factual findings of any court below.  His argument is thus limited to the contention that the OCCA and the district court misapplied the facts or misapprehended the law.  We agree with the district court and the OCCA that the questionings of Espinoza meet the conditions of the *Alexander* test, and thus fall under the protection of *Mosley*.  First, the officers immediately stopped questioning Espinoza when he asserted his right to remain silent in the first and second episodes of questioning.  Second, at least two hours passed between every contact.  Third, officers read Espinoza his *Miranda* rights at the outset of each contact, even when they had to stop him from making incriminating statements in order to read him his rights.  Fourth, the subjects of the first

---

[3] Espinoza implies that *Mosley* established a six-part test, but he does not contend that our decision in *Alexander* was contrary to *Mosley*.

and second interrogations were different, and conducted by different officers. The subject of the third interrogation was the same as the first, but Espinoza determined the subject, not the officers. All four of the *Alexander* factors are met, and there is no Fifth Amendment violation. Further, in the third interview Espinoza reinitiated contact with law enforcement. The *Alexander* conditions thus may not even be applicable in this case. *Alexander*, 447 F.3d at 1294 ("This four-part test is inapplicable, however, if the suspect, and not the police, reinitiates contact and agrees to questioning."). We need not resolve whether the *Alexander* test applies because under either standard a reasonable jurist could not find the district court's assessment of Espinoza's Fifth Amendment claim to be debatable or incorrect.[4]

**B.**

Espinoza next argues that the OCCA did not adjudicate his ineffective assistance of appellate counsel claim on the merits, and he is thus entitled to *de novo* review.

Espinoza's argument fails. His position is limited to the contention that the OCCA did not make a determination on the merits of his claim. If we were to agree, that would only impact our standard of review—he would still need to successfully argue that his Sixth Amendment right to effective assistance of counsel was violated. But Espinoza does not make any merits argument related to the alleged Sixth Amendment violation.

---

[4] Espinoza also argues that his Fifth Amendment argument is governed by *Edwards v. Arizona*, 451 U.S. 477 (1981). His argument fundamentally misunderstands the holding of *Edwards* and conflates the right to counsel with the right to remain silent. The Court in *Edwards* distinguished the two rights and held that, *unlike* the right to remain silent, "additional safeguards are necessary when the accused asks for counsel." *Id.* at 484.

8

Before us he only argues that "[s]ince the Magistrate determined this was a merit-based determination this Cort [sic] should find it debatable as to whether the District Court's determination is debatable among jurists of reason." Aplt. Br. at 15–16. Espinoza misapprehends the rules governing issuance of a COA. *See id*. at 19 ("Appellant argues that because the State Court's opinion rested on thin air, he should be entitled to federal habeas relief on his claims as the Respondent would not be entitled to deference and thus a COA could be granted.") A petitioner must allege the denial of a *constitutional right* in order to be eligible for a COA. 28 U.S.C. § 2253(c)(2) ("[O]nly if the applicant has made a substantial showing of the denial of a constitutional right" may a COA issue.). Espinoza has not done so, and thus a COA may not issue.

### IV.

For these reasons, we DENY Espinoza's request for a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge

9